NOT DESIGNATED FOR PUBLICATION

No. 122,652

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Care and Treatment of
CHRISTOPHER M. MCGUIRE.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ROBB W. RUMSEY, judge. Opinion filed February 19, 2021. Affirmed.

*Angela M. Davidson*, of Wyatt & Davidson, LLC, of Salina, for appellant.

*Dwight R. Carswell*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., GREEN and ATCHESON, JJ.

PER CURIAM: Christopher M. McGuire was adjudicated a sexually violent predator in 2012 and then confined in a treatment program on the grounds of Larned State Hospital. A person held for treatment under the Kansas Sexually Violent Predator Act, K.S.A. 59-29a01 et seq., receives an annual review of his or her psychological status and need for continuing confinement and care. K.S.A. 2020 Supp. 59-29a08(a). The confined person may then request judicial review to determine whether placement in the transitional release phase of the treatment program may be warranted. K.S.A. 2020 Supp. 59-29a08(b).

In conjunction with his 2018 annual review, McGuire filed a petition in the Sedgwick County District Court challenging his adjudication and original confinement order. The district court treated the petition as a request for transitional release because it

1

was not an appropriate substantive or procedural vehicle for relitigating the original commitment. The district court appointed a lawyer to represent McGuire and held a hearing.

The district court found McGuire's condition had not materially changed and he, therefore, could not be considered a candidate for placement in transitional release. McGuire has appealed that ruling.

For his sole issue on appeal, McGuire submits K.S.A. 59-29a08(c) violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and cognate procedural protections in the Due Process Clause of that amendment. Under K.S.A. 2020 Supp. 59-29a08(c), the district court may, in its discretion, appoint a psychologist or psychiatrist to make an independent clinical evaluation of an indigent person confined as a sexually violent predator to be considered along with the evaluation from program staff contained in the annual report. A confined person who can afford to hire a qualified mental health professional must be allowed to prepare and submit an independent evaluation. For purposes of the appeal, we understand there is no dispute that McGuire is indigent.

McGuire contends the disparate treatment of confined persons in K.S.A. 59-29a08(c) based on their indigency violates his right to equal protection. There are two basic obstacles to our consideration of the argument, either of which is sufficient to preclude appellate review.

First, McGuire never asserted a constitutional claim in the district court. Appellate courts typically will not consider arguments raised for the first time on appeal. *State v. Gentry*, 310 Kan. 715, 734, 449 P.3d 429 (2019).

2

Second, and more significantly here, McGuire did not ask the district court to appoint a mental health professional to make an independent evaluation of him. The district court, then, did not refuse to do so and, indeed, might have honored the request had it been made. Under the circumstances, McGuire cannot show a constitutional injury or harm.

Absent an injury in fact, McGuire lacks jurisprudential standing to raise the equal protection and due process violations he has outlined. See *Gannon v. State*, 298 Kan. 1107, 1122-23, 319 P.3d 1196 (2014). What McGuire has presented to us is effectively a hypothetical question unconnected to the factual record or an actual deprivation the district court caused him. We decline to consider the constitutional point framed in that way, since it is not a concretely defined controversy redressing an actual legal injury or harm. See *State ex rel. Morrison v. Sebelius*, 285 Kan. 875, 896-97, 179 P.3d 366 (2008).

McGuire has failed to present a cognizable legal argument on appeal for reversing the district court.

Affirmed.